NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAPUR SINGH,

        Petitioner,

   v.

ERIC H. HOLDER, JR.,
Attorney General,

        Respondent.

No. 05-75601

Agency No. A75 532 733

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2010
San Francisco, California

Before: B. FLETCHER and CLIFTON, Circuit Judges, and ANELLO,[**] District
Judge.

    Kapur Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

---

     [*]    This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

     [**]   The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

and relief under the United Nations Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), we grant the petition for review, and we remand this matter to the BIA for further consideration.

The BIA found that Singh had established past persecution on account of his political opinion.  The government therefore bore the burden to rebut the presumption that Singh was eligible for asylum.  *Rios v. Ashcroft*, 287 F.3d 895, 900 (9th Cir. 2002).

One way the government may satisfy this burden is by showing by a preponderance of the evidence that there has been a "fundamental change in circumstances," such that the applicant no longer has a well-founded fear of persecution, or that the "applicant could avoid future persecution by relocating to another part of the applicant's country of nationality or, if stateless, another part of the applicant's country of last habitual residence, and under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 1208.13(b)(1)(i)(A)-(B).  Evidence presented by the government to rebut the presumption must be tailored to the applicant.  "Information about general changes in the country is not sufficient."  *Rios*, 287 F.3d at 901 (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998)); *see also id.* ("The INS is obligated to

2

introduce evidence that, on an individualized basis, rebuts a particular applicant's specific grounds for his well-founded fear of future persecution.") (internal quotation marks and citation omitted).

Because the BIA found that Singh had proven past persecution, he was entitled to a presumption of future persecution rebuttable only if the government showed by a preponderance of the evidence that there has been a "fundamental change in circumstances such that the applicant no longer has a well-founded fear." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (citation and internal quotation marks omitted). In determining whether the government has done so, "the BIA must provide an individualized analysis of how changed conditions will affect the specific petitioner's situation." *Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir. 2004) (citation and internal quotation marks omitted). "Information about general changes in the country is not sufficient." *Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir. 1998).

Here, we find that the BIA failed to engage in such an individualized determination. The BIA cited evidence, such as Exhibits 7, 10, 12, and 13, which relate to the *religious* persecution of Sikhs, but do not inform whether Sikhs like Singh, who believe in an independent Sikh state, still face persecution on account of their *political* opinion. The United Kingdom's India Country Report states that

3

the Sikh militant movement is "no longer active in the Punjab," a fact irrelevant to whether persons who were members in the now-dormant movement would face persecution were they to return. In fact, the Report indicates that they would face persecution, stating that persons like Singh, who have a "local history of abuse at the hands of the police," or are "militant[s]," still face persecution. There is also no affirmative evidence in the State Department's report on human rights practices in India to show that country conditions relevant to Singh have changed.

Likewise, the BIA's conclusory determination that internal resettlement was a viable option is not supported by an adequate analysis of whether it would be safe and reasonable for Singh to do so, as that analysis was not individualized and did not reflect his specific circumstances. *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214-15 (9th Cir. 2004). The BIA did not cite to any specific evidence in the record rebutting the presumption against relocation. We have held that "the Board's opinion must contain a statement of its reasons for denying the petitioner relief adequate for us to conduct our review, and we must remand for clarification if the Board fails to provide an adequate statement of the reasons for its decision." *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995). The BIA's opinion in this case failed to meet this standard. Accordingly, on Singh's asylum and withholding of removal claims, we grant the

4

petition for review and remand to the BIA to allow it to address properly Singh's specific circumstances, and conduct an individualized review of the evidence of changed country conditions and the viability of Singh's internal relocation. *INS v. Ventura*, 537 U.S. 12, 17 (2002).

Singh also applied for relief under the United Nations Convention Against Torture. Singh asserts that the Board completely failed to consider his application for relief under CAT. To obtain CAT relief, a petitioner must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). We require that "'all evidence relevant to the possibility of future torture'" be considered in assessing a petitioner's CAT claim. *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(3)) (emphasis omitted). The BIA's opinion is devoid of any discussion or analysis of Singh's CAT claim. The BIA denied the claim in one sentence. The opinion demonstrates on its face that the BIA failed to conduct an individualized analysis of the Singh's likelihood of facing torture upon return to India. Because such an analysis is required for determining eligibility for relief, we also remand Singh's CAT claim for further consideration consistent with this order.

**PETITION FOR REVIEW GRANTED AND REMANDED**.

5